REFFETT et al. v. KILGORE.

Court of Appeals of Kentucky.

May 7, 1954.

944

Jarvis Allen and Joe Hobson, Prestonsburg, for appellants.

A. J. May and Hollie Conley, Prestonsburg, for appellee.

CULLEN, Commissioner.

This is an appeal from a judgment for $2,500 against the appellants, representing damages resulting from the destruction of the appellee's coal tipple.

In November 1950, the appellee purchased a coal tipple, chute, mining cars, etc., from Alvin Hatton for $2,000. He immediately started mining under an oral lease from Lee and Angeline King, but on January 6, 1951, got the lease reduced to writing. Appellee continued mining through 1951, and up until about April 1, 1952, at which time he stopped operating, due to a reduction in the market for coal. On May 10, 1952, appellee went to Ohio and worked for about one month. While he was in Ohio his coal tipple either fell or was torn down.

Appellee, plaintiff below, alleged in his petition that the appellants deliberately and unlawfully tore down and destroyed his coal tipple, and sought damages in the sum of $35,000.

Appellee's evidence was that between 11:00 p. m. and 1:00 a. m. on the night the tipple fell, T. J. Debord was approaching the place and heard a crash. When he stopped his car he saw a truck near the tipple with a cable tied to the rear of the truck, but could not tell whether the other end of the cable was tied to anything or not. He also observed a man running up the hill away from the truck. He did not recognize the man or the truck. Morrell Jacobs, who was with Debord, confirmed Debord's testimony. Appellants denied that they pulled or had the tipple pulled down. They did say that after the tipple had been lying on the ground for about three weeks, they moved it pursuant to a permit from the Kentucky Highway Department granting them the right to encroach upon the highway right of way and put in a drain as part of the approach to a filling station that they were building; that the tipple was on the highway right of way before and after it fell.

Appellant introduced the evidence of Chester Neeley to show that the tipple fell of its own accord. He testified that about 9:00 or 9:30 p. m. on the night in question he and his wife were returning home from a movie when they saw the tipple fall some 20 feet in front of them, and the coal had to be removed before they could proceed. Neeley said there was no one in the vicinity of the tipple.

Al Patton testified that he, Walter Craft and Gordon Hays were sitting at Frank Hays' store, which was about 500 or 600 yards away from the tipple, when they heard it fall; that they walked up to the tipple and raked some of the coal off the highway, but they did not see any one near the tipple.

There was evidence that the tipple was in a dilapidated condition before it fell.

As has heretofore been said, the appellee predicated his recovery on the theory that the appellants willfully tore down the tipple. In viewing the evidence we find it insufficient to sustain the allegation. At the most, the evidence shows only that the appellants would have had a motive for tearing down the tipple, and creates merely a suspicion that they might have done it. It, therefore, follows that a verdict should have been directed for the appellant. Nugent v. Nugent, 281 Ky. 263, 135 S.W.2d 877.

The judgment is reversed with directions that if upon another trial the evidence is substantially the same, the court will direct a verdict for the defendant. All other questions are reserved.